NO. 06-15-00014-CV

WILLIAM H. SCURLOCK,
APPELLANT

V.

JOHN M. HUBBARD,
APPELLEE

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
4/23/2015 3:13:11 PM
DEBBIE AUTREY
Clerk

# ITEM 1

Texas Business Organizations Code § 11.404

Vernon's Texas Statutes and Codes Annotated
  Business Organizations Code (Refs & Annos)
    Title 1. General Provisions (Refs & Annos)
      Chapter 11. Winding up and Termination of Domestic Entity
        Subchapter I. Receivership

V.T.C.A., Business Organizations Code § 11.404

§ 11.404. Appointment of Receiver to Rehabilitate Domestic Entity

Effective: September 1, 2011
Currentness

(a) Subject to Subsection (b), a court that has jurisdiction over the property and business of a domestic entity under Section 11.402(b) may appoint a receiver for the entity's property and business if:

  (1) in an action by an owner or member of the domestic entity, it is established that:

    (A) the entity is insolvent or in imminent danger of insolvency;

    (B) the governing persons of the entity are deadlocked in the management of the entity's affairs, the owners or members of the entity are unable to break the deadlock, and irreparable injury to the entity is being suffered or is threatened because of the deadlock;

    (C) the actions of the governing persons of the entity are illegal, oppressive, or fraudulent;

    (D) the property of the entity is being misapplied or wasted; or

    (E) with respect to a for-profit corporation, the shareholders of the entity are deadlocked in voting power and have failed, for a period of at least two years, to elect successors to the governing persons of the entity whose terms have expired or would have expired on the election and qualification of their successors;

  (2) in an action by a creditor of the domestic entity, it is established that:

    (A) the entity is insolvent, the claim of the creditor has been reduced to judgment, and an execution on the judgment was returned unsatisfied; or

    (B) the entity is insolvent and has admitted in writing that the claim of the creditor is due and owing; or

  (3) in an action other than an action described by Subdivision (1) or (2), courts of equity have traditionally appointed a receiver.

(b) A court may appoint a receiver under Subsection (a) only if:

(1) circumstances exist that are considered by the court to necessitate the appointment of a receiver to conserve the property and business of the domestic entity and avoid damage to interested parties;

(2) all other requirements of law are complied with; and

(3) the court determines that all other available legal and equitable remedies, including the appointment of a receiver for specific property of the domestic entity under Section 11.402(a), are inadequate.

(c) If the condition necessitating the appointment of a receiver under this section is remedied, the receivership shall be terminated immediately, the management of the domestic entity shall be restored to its managerial officials, and the receiver shall redeliver to the domestic entity all of its property remaining in receivership.

**Credits**
Acts 2003, 78th Leg., ch. 182, § 1, eff. Jan. 1, 2006. **Amended by** Acts 2011, 82nd Leg., ch. 139 (S.B. 748), § 20, eff. Sept. 1, 2011.

Notes of Decisions (14)

V. T. C. A., Business Organizations Code § 11.404, TX BUS ORG § 11.404
Current through the end of the 2013 Third Called Session of the 83rd Legislature

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

NO. 06-15-00014-CV

WILLIAM H. SCURLOCK,
**APPELLANT**

V.

JOHN M. HUBBARD,
**APPELLEE**

# ITEM 2

Texas Rule of Appellate Procedure 33.1(a)(1)

Vernon's Texas Rules Annotated
  Texas Rules of Appellate Procedure
    Section Two. Appeals from Trial Court Judgments and Orders (Refs & Annos)
      Rule 33. Preservation of Appellate Complaints (Refs & Annos)

TX Rules App.Proc., Rule 33.1

33.1. Preservation; How Shown

Currentness

(a) *In General.* As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

(B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2) the trial court:

(A) ruled on the request, objection, or motion, either expressly or implicitly; or

(B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

(b) *Ruling by Operation of Law.* In a civil case, the overruling by operation of law of a motion for new trial or a motion to modify the judgment preserves for appellate review a complaint properly made in the motion, unless taking evidence was necessary to properly present the complaint in the trial court.

(c) *Formal Exception and Separate Order Not Required.* Neither a formal exception to a trial court ruling or order nor a signed, separate order is required to preserve a complaint for appeal.

(d) *Sufficiency of Evidence Complaints in Nonjury Cases.* In a nonjury case, a complaint regarding the legal or factual insufficiency of the evidence--including a complaint that the damages found by the court are excessive or inadequate, as distinguished from a complaint that the trial court erred in refusing to amend a fact finding or to make an additional finding of fact--may be made for the first time on appeal in the complaining party's brief.

**Credits**
Eff. Sept. 1, 1997. Amended by Supreme Court Dec. 23, 2002, eff. Jan. 1, 2003.

**Editors' Notes**

## NOTES AND COMMENTS

Comment to 2002 change: The last sentence of former Rule 52(d) of the Rules of Appellate Procedure has been reinstated in substance.

Notes of Decisions (3416)

Rules App. Proc., Rule 33.1, TX R APP Rule 33.1
Current with amendments received through 3/15/2015

---

**End of Document**
© 2015 Thomson Reuters. No claim to original U.S. Government Works.

NO. 06-15-00014-CV


WILLIAM H. SCURLOCK,
APPELLANT

V.

JOHN M. HUBBARD,
APPELLEE


# ITEM 3

Affidavit of John M. Hubbard

STATE OF TEXAS                                   §
                                                 §
COUNTY OF BOWIE                                  §

## AFFIDAVIT OF JOHN M. HUBBARD

BEFORE ME personally appeared JOHN M. HUBBARD, who after being duly sworn on oath stated as follows:

1. "My name is John M. Hubbard. I am over the age of 18 years and am qualified to execute this affidavit. I have never been convicted of a crime of moral turpitude. I have personal knowledge of the facts stated herein, and they are true and correct.

2. I am one of two members in Hubbard & Spurlock, LLC, a Texas limited liability company. I have a 50% ownership interest in the company. William H. Scurlock is the other member with a 50% ownership interest in the company. The company owns a building in downtown Texarkana, Texas.

3. I am a minority shareholder in Pecan Point Brewing Company, a Texas for-profit corporation. Mr. Scurlock is the majority shareholder in the corporation. Pecan Point Brewing Company operates a restaurant and brewery in the downtown building owned by Hubbard & Spurlock, LLC.

4. Because Mr. Scurlock and I disagree about the management and operation of the restaurant and brewery, I filed a lawsuit against him in my individual capacity, as well as a derivative action in my capacity as a minority shareholder in the corporation. As part of my lawsuit, I sought a temporary injunction against Scurlock and appointment of a receiver for the corporation.

5. The trial court ordered that the receiver obtain a bond of $10,000.00. The receiver has paid that bond.

1

6. The trial court also ordered me to pay two additional bonds in order to get the temporary injunction: a $100,000.00 corporate bond in my individual capacity and another corporate bond of $50,000.00 in my capacity as a shareholder in the corporation.

7. I have not paid either of these two additional bonds, and I have not been able to secure financing for either of these two additional bonds although I have desperately sought to obtain the bonds through various insurance companies or other financial institutions. Thus, I am asking the Trial Court to reconsider and reduce the amount of the bonds so I can pay them. The Trial Court is scheduled to hear my motion to amend the February 3, 2015 Order is April 27, 2015.

8. It is my understanding that no binding temporary injunction or receivership will commence or be effective unless and until I pay the two bonds. I have made no attempts to enforce a temporary injunction or receivership.

9. My attorneys and I attended mediation with Mr. Scurlock and his attorneys on March 24, 2015. We were not able to settle our issues. In fact, we were not even remotely close to agreeing to a settlement amount. The failure of mediation is further evidence of the deadlock and impasse between me and Mr. Scurlock.

Further Affiant sayeth not."

Dated this _20_ day of ~~March~~ April, 2015.

_____
JOHN M. HUBBARD, Affiant

Subscribed and sworn to before me on this _20th_ day of ~~March~~ April, 2015.

_____
Notary Public in and for The State of Texas
My Commission Expires July 30, 2017

JANET LIEGH ORR
Notary Public, State of Texas
My Commission Expires
July 30, 2017

2

NO. 06-15-00014-CV


WILLIAM H. SCURLOCK,
APPELLANT

V.

JOHN M. HUBBARD,
APPELLEE


# ITEM 4


*Rogers v. Rogers*, 2002 WL 433052
(Tex. App.—Houston [14th Dist.] 2002, no pet.)

2002 WL 433052
Only the Westlaw citation is currently available.

NOTICE: NOT DESIGNATED FOR PUBLICATION.
UNDER TX R RAP RULE 47.7, UNPUBLISHED
OPINIONS HAVE NO PRECEDENTIAL
VALUE BUT MAY BE CITED WITH THE
NOTATION "(not designated for publication)."

Court of Appeals of Texas,
Houston (14th Dist.).

Elizabeth Ann ROGERS, Appellant,
v.
Ronald Lee ROGERS, M.D., Appellee.

No. 14-00-01322-CV.  |  March 21, 2002.

Following parties' divorce, former husband brought action against former wife seeking turnover relief involving funds from brokerage account. The 257th District Court, Harris County, entered turnover order and awarded husband attorney fees. Wife appealed. The Court of Appeals, Kem Thompson Frost, J., held that uncontroverted testimony as to attorney fees established that award was reasonable and necessary.

Affirmed.

West Headnotes (4)

[1]     **Divorce**
        Issues and Questions in Lower Court
        Former wife failed to preserve for appellate review her claim that appointment of receiver in post-divorce turnover proceedings was invalid as turnover order did not require receiver to post bond, where wife did not raise claim in trial court. Rules App.Proc., Rule 33.1.

        Cases that cite this headnote

[2]     **Divorce**
        Attorney Fees
        Uncontroverted testimony as to attorney fees former husband incurred in post-divorce turnover proceedings established that $8,000 award of attorney fees was reasonable and necessary; husband's attorney testified as to his years of experience, percentage of his practice that was based in family law matters, and his hourly billing rate. V.T.C.A., Civil Practice & Remedies Code § 38.003; Vernon's Ann.Texas Rules Civ.Proc., Rule 324.

        Cases that cite this headnote

[3]     **Appeal and Error**
        On Trial by Court or Referee or in Equitable Actions
        In non-jury cases, a motion for new trial is not required to attack either the legal or factual sufficiency of evidence on appeal.

        Cases that cite this headnote

[4]     **Divorce**
        Objections and Motions, and Rulings Thereon
        Former wife failed to preserve for appellate review her claim that trial court exceeded its authority in ordering wife to appear in court with certified funds to satisfy attorney fees award granted in post-divorce turnover proceedings, where wife did not object to order in trial court. Rules App.Proc., Rule 33.1.

        Cases that cite this headnote

On Appeal from the 257th District Court, Harris County, Texas, Trial Court Cause No. 98-50602.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

**OPINION**

KEM THOMPSON FROST, Justice.

**\*1** Appellant Elizabeth Ann Rogers appeals a turnover order entered in favor of her ex-husband, Ronald Lee Rogers. Ann challenges the following rulings of the trial court: (1) the appointment of a receiver without explicitly requiring that the

receiver execute a good and sufficient bond; (2) the award of attorney's fees incurred in bringing the turnover action; and (3) the part of the turnover order that requires Ann to appear in court and deliver a certified check to Ronald's attorney to satisfy the award of attorney's fees. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

After a bitterly contested divorce trial, Ronald was awarded, among other assets of the marital estate, the sum of $87,615.00 from the parties' Harris Webb & Garrison brokerage account, formerly known as the Merrill Lynch 'Grace Account.' [1] The trial court immediately ordered Ann to sell and liquidate the shares of the account and to pay Ronald before the second day following the signing of the Final Divorce Decree. The trial court signed the Final Divorce Decree on December 27, 1999. Ann did not comply with the trial court's order. Ronald made several attempts to get the funds in the brokerage account from Ann. When these attempts were unsuccessful, Ronald filed an application for turnover relief, asking the trial court to order Ann to pay the sums owed. The trial court scheduled a hearing on Ronald's turnover application for October 3, 2000. Ronald notified Ann's counsel of the hearing and attempted on several occasions to notify Ann of this hearing. Eventually, Ronald served the attorney representing Ann in a related matter with notice. That attorney also tried to notify Ann of the hearing. Despite Ronald's service of notice of the hearing, there is no evidence in the record that Ann personally learned of the hearing. At the turnover hearing, Ronald presented uncontroverted testimony as to Ann's failure to comply with the court's decree awarding the sums in the brokerage account to him. The trial court granted Ronald's application and entered a turnover order, which, among other things, appointed a receiver. The trial court also awarded Ronald attorney's fees in the amount of $8,000 and ordered Ann to appear in court on October 13, 2000, with a certified check in that amount. Ann did not comply with the court's turnover order.

## II. ISSUES PRESENTED ON APPEAL

In three issues, Ann contends that: (1) the appointment of the receiver is invalid because the turnover order did not include language requiring the receiver to execute a good and sufficient bond; (2) there was insufficient evidence to support the trial court's award of attorney's fees; and (3) the trial court exceeded its authority by ordering Ann to appear in court with certified funds to pay her ex-husband's attorney's fees.

## III. APPOINTMENT OF RECEIVER

[1] In her first issue, Ann contends the appointment of a receiver was invalid because the turnover order did not require the receiver to post a bond. Ronald maintains that, because Ann did not complain or object to the absence of a bond in the trial court, she cannot raise this issue for the first time on appeal. We agree.

*2 The appointment of a receiver without a bond does not render the appointment void, merely voidable. *See Payne v. Snyder*, 661 S.W.2d 134, 140 (Tex.App.-Amarillo 1983, writ ref'd n.r.e.); *Johnson v. Barnwell Prod. Co.*, 391 S.W.2d 776, 785 (Tex.Civ.App.-Texarkana 1965, writ ref'd n.r.e.); *Carlton v. Bos*, 281 S.W.2d 131, 132 (Tex.Civ.App.-Beaumont 1955, no writ). Therefore, a party's failure to voice a timely objection waives the complaint. *See O & G Carriers, Inc. v. Smith Energy-A-P'ship.*, 826 S.W.2d 703, 707 (Tex.App.-Houston [1st Dist] 1992, no writ); *Cross v. Cross*, 738 S.W.2d 86, 88 (Tex.App.-Corpus Christi 1987, writ dism'd w.o.j.).

To preserve this complaint for appellate review, it was incumbent upon Ann to present the trial court with a timely request, objection, or motion, stating the specific grounds for the ruling if the grounds were not apparent from the context, and to obtain a ruling on the request, objection, or motion. *See*TEX.R.APP. P. 33.1;*O & G Carriers*, 826 S.W.2d at 707; *Cross*, 738 S.W.2d at 88. Despite notice, Ann did not present the complaint that she makes in her first issue to the trial court. Having failed to bring this matter to the attention of the trial court, she may not raise this complaint for the first time on appeal. *See Hawkins v. Twin Mont., Inc.*, 810 S.W.2d 441, 443-44 (Tex.App.-Fort Worth 1991, no writ); *see also Payne*, 661 S.W.2d at 140; *King Land & Cattle Corp. v. Fikes*, 414 S.W.2d 521, 524 (Tex.Civ.App.-Fort Worth 1967, writ ref'd n.r.e.). Accordingly, we overrule Ann's first issue.

## IV. SUFFICIENCY OF ATTORNEY'S FEES

[2] [3] In her second issue, Ann contends the trial court erred in awarding attorney's fees to her ex-husband's attorney. Specifically, she complains that the evidence at the hearing on the turnover application was insufficient to show that the attorney's fees were reasonable and necessary.Texas Rule of Civil Procedure 324 provides that a point in a motion for new trial is a prerequisite to complain on appeal of insufficiency of the evidence only in a jury trial. TEX.R. CIV. P. 324(b)(2); *Owen v. Porter*, 796 S.W.2d 265, 268 (Tex.App.-San Antonio 1990, no writ). In non-jury cases, a motion for new trial is not required to attack either the legal or factual sufficiency

of evidence on appeal. *Owen,* 796 S.W.2d at 268. This case was tried to the bench. Accordingly, even though Ann did not file a motion for new trial, we may review the sufficiency of the evidence supporting the trial court's findings of attorney's fees.

The party seeking to recover attorney's fees carries the burden of proof. *Stewart Title Guaranty Co. v. Sterling,* 822 S.W.2d 1, 10 (Tex.1991). The allowance of attorney's fees rests within the sound discretion of the trial court and will not be reversed without a showing of an abuse of that discretion. *Ragsdale v. Progressive Voters League,* 801 S.W.2d 880, 881 (Tex.1990). Factors the trial court should consider when determining the reasonableness of an attorney's fee include:

> **\*3** (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
>
> (2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
>
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*See Arthur Andersen & Co. v. Perry Equip. Corp.,* 945 S.W.2d 812, 818 (Tex.1997). It is presumed that the usual and customary attorney's fees for a claim are reasonable. TEX. CIV. PRAC. & REM.CODE ANN. § 38.003 (Vernon 1997). Ronald's attorney, Robert Clements, Jr., testified as to the reasonableness and necessity of the attorney's fees:

> Mr. Clements: Your [sic], Honor, my name is Robert Clements. I am licensed to practice law in the State of Texas and my license is on file. I'm familiar with what reasonable and necessary fees for matters of this sort in

Harris County. I've practiced now for almost 20 years. I'm board certified in civil trial advocacy and personal injury. Family law is approximately 50 percent of my practice and has been for about probably the last 10 or 15 years.

> I charge at the rate of $250 per hour, which based [on] my experience, I believe is a reasonable rate in Harris County. To date, Your Honor, I have been paid the sum of $5,000. I believe that Mr. Rogers will probably owe another $1,000 before this is done. He paid $2,500 to Mr. De La Garza, who I've taken over [sic] in the shoes of. And I think the sum of $8,000 to date for the difficulty that we've had from [Ms.] Rogers is a fair and reasonable fee and it was necessary to get us this far, Your Honor.

Following this uncontroverted testimony, the trial court found $8,000 to be reasonable and necessary fees for the turnover relief and awarded that amount, plus an additional $7,500 in the event of an appeal to the court of appeals, and an additional $3,500 if appealed to the Texas Supreme Court. Because Mr. Clements's testimony is clear, positive, direct, and uncontroverted, we may take his testimony as true as a matter of law. *See Eller Media Co.* ., 51 S.W.3d 783, 787 (Tex.App.-Fort Worth, 2001, no pet.). Accordingly, we hold that the attorney's fees awarded by the trial court were reasonable and necessary. We overrule Ann's second issue.

## V. ENFORCEMENT OF ATTORNEY'S FEES

[4] In her third issue, Ann asserts the trial court exceeded its authority in ordering her to appear in court with certified funds in the amount of $8,000 to satisfy the attorney's fees awarded in connection with the turnover proceeding.

**\*4** Ann failed to raise this objection in the trial court and, therefore, failed to preserve the error for appeal. In order to preserve certain complaints regarding an award of attorney's fees, a party must make a timely and sufficiently specific objection to such an award in the trial court. *See* TEX.R.APP. P. 33.1; *Henry v. Henry,* 48 S.W.3d 468 (Tex.App.-Houston [14th Dist.] 2001, no pet) (finding that certain complaints relating to attorney's fees, other than sufficiency, must be preserved at the trial court); *Massey v. Massey,* 807 S.W.2d 391, 403 (Tex.App.-Houston [1st Dist.] 1991, writ denied) (stating whether the trial court has the authority to award attorney's fees as part of the equitable power to make a fair division of the community estate issue could not be raised for first time on appeal). Ann fails to cite to any objection in the record, and a careful review reveals that no objection was made nor was the issue preserved in a motion for new

trial; thus, Ann has preserved nothing for appellate review. *See*TEX.R.APP. P. 33.1. Accordingly, we overrule Ann's issue third issue.

## V. APPELLEE'S REPLY POINTS

Ann asserts two reply points in response to matters raised in Ronald's appellee's brief. First, she objects to this court's consideration of factual allegations and deposition testimony attached to the appendix of Ronald's brief as being outside the record. Additionally, Ann objects to this court's consideration

of Ronald's "personal attacks" not supported by the record. She asserts Ronald's brief is replete with disparaging remarks unsubstantiated by any citation to the appellate record. In reaching our decision, we have not considered any evidence that is outside the record, and we have not based our decision on factual allegations not supported by the record or on any personal attacks.

We affirm the trial court's judgment.

## Footnotes

1     In a separate case, cause no. 14-00-00077-CV, Ann has appealed the trial court's division of the martial estate.

**End of Document**      © 2015 Thomson Reuters. No claim to original U.S. Government Works.

NO. 06-15-00014-CV


WILLIAM H. SCURLOCK,
APPELLANT

V.

JOHN M. HUBBARD,
APPELLEE


# ITEM 5

Texas Rule of Civil Procedure 684

Vernon's Texas Rules Annotated
  Texas Rules of Civil Procedure
    Part VI. Rules Relating to Ancillary Proceedings
      Section 5. Injunctions

TX Rules of Civil Procedure, Rule 684

Rule 684. Applicant's Bond

Currentness

In the order granting any temporary restraining order or temporary injunction, the court shall fix the amount of security to be given by the applicant. Before the issuance of the temporary restraining order or temporary injunction the applicant shall execute and file with the clerk a bond to the adverse party, with two or more good and sufficient sureties, to be approved by the clerk, in the sum fixed by the judge, conditioned that the applicant will abide the decision which may be made in the cause, and that he will pay all sums of money and costs that may be adjudged against him if the restraining order or temporary injunction shall be dissolved in whole or in part.

Where the temporary restraining order or temporary injunction is against the State, a municipality, a State agency, or a subdivision of the State in its governmental capacity, and is such that the State, municipality, State agency, or subdivision of the State in its governmental capacity, has no pecuniary interest in the suit and no monetary damages can be shown, the bond shall be allowed in the sum fixed by the judge, and the liability of the applicant shall be for its face amount if the restraining order or temporary injunction shall be dissolved in whole or in part. The discretion of the trial court in fixing the amount of the bond shall be subject to review. Provided that under equitable circumstances and for good cause shown by affidavit or otherwise the court rendering judgment on the bond may allow recovery for less than its full face amount, the action of the court to be subject to review.

**Credits**
June 16, 1943, eff. Dec. 31, 1943. Amended by orders of Oct. 12, 1949, eff. March 1, 1950; June 10, 1980, eff. Jan. 1, 1981.

Notes of Decisions (131)

Vernon's Ann. Texas Rules Civ. Proc., Rule 684, TX R RCP Rule 684
Current with amendments received through 3/15/2015

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

Texas Rule of Civil Procedure 695(a)

NO. 06-15-00014-CV

**WILLIAM H. SCURLOCK,**
**APPELLANT**

**V.**

**JOHN M. HUBBARD,**
**APPELLEE**

# ITEM 6

Texas Rule of Civil Procedure 695a

> Vernon's Texas Rules Annotated
> Texas Rules of Civil Procedure
> Part VI. Rules Relating to Ancillary Proceedings
> Section 7. Receivers

TX Rules of Civil Procedure, Rule 695a

Rule 695a. Bond, and Bond in Divorce Case

Currentness

No receiver shall be appointed with authority to take charge of property until the party applying therefor has filed with the clerk of the court a good and sufficient bond, to be approved by such clerk, payable to the defendant in the amount fixed by the court, conditioned for the payment of all damages and cost in such suit, in case it should be decided that such receiver was wrongfully appointed to take charge of such property. The amount of such bond shall be fixed at a sum sufficient to cover all such probable damages and costs. In a divorce case the court or judge, as a matter of discretion, may dispense with the necessity of a bond.

**Credits**

June 16, 1943, eff. Dec. 31, 1943.

Notes of Decisions (33)

Vernon's Ann. Texas Rules Civ. Proc., Rule 695a, TX R RCP Rule 695a
Current with amendments received through 3/15/2015

---

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.